**IN THE COURT OF APPEALS OF IOWA**

No. 16-1478
Filed November 9, 2016

**IN THE INTEREST OF C.B., and S.B.,**
**Minor children,**

**D.B., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, William S. Owens, Associate Juvenile Judge.


        Father challenges the sufficiency of the evidence supporting an order adjudicating his children in need of assistance under Iowa Code chapter 232 (2015).  **AFFIRMED.**


        Ryan J. Mitchell of Orsborn, Milani, Mitchell & Goedken, L.L.P., Ottumwa, for appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

        Terri L. Quartucci of Quartucci Law Office, Fairfield, guardian ad litem for minor children.


        Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

The father appeals from a dispositional order confirming his daughters, ages sixteen and six, to be children in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) and (d) (2015). On appeal, the father challenges the sufficiency of the evidence supporting the adjudication pursuant to paragraph (d). To prove this ground, the State was required to establish, as relevant here, the children have been or are imminently likely to be "sexually abused by the child's parent." Iowa Code § 232.2(6)(d).

We review child-in-need-of-assistance proceedings de novo. *See In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). "Although our review is de novo, we do afford the decision of the district court deference for policy reasons." *State v. Snow*, No. 15-0929, 2016 WL 4801353, at *1 (Iowa Ct. App. Sept. 14, 2016). We will uphold an adjudicatory order only if there is clear and convincing evidence supporting the statutory grounds cited by the juvenile court. *See* Iowa Code § 232.96(2); *D.D.*, 653 N.W.2d at 361. Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence. *See D.D.*, 653 N.W.2d at 361.

On de novo review, we find and conclude there is clear and convincing evidence supporting the adjudication. C.B., the older child, testified her father began touching her in inappropriate ways when she was in seventh grade. The inappropriate touching continued for several years. The father, according to C.B., began having sexual intercourse with her on her fourteenth birthday. The

father had sexual intercourse with the child on multiple occasions afterward until the child reported the abuse. The juvenile court found the child's testimony to be specific and credible. Abuse of the older child is sufficient to establish the father poses an imminent risk of sexually abusing the younger child. *See id.* at 362 ("Prior decisions likewise reflect the common sense notion that, ordinarily, all siblings are at risk when one child has been sexually abused."); *In re K.H.*, No. 15-0396, 2015 WL 2394198, at *2 (Iowa Ct. App. May 20, 2015) ("Additionally, we find it fair to draw the inference that since K.H. was abused by the father, then A.H. and S.H. are 'imminently likely' to be abused by their father."). The children's best interests are served by adjudicating them in need of assistance pursuant to paragraph (d). Under the circumstances, there is no reason to disturb the adjudicatory and disposition orders.

**AFFIRMED.**